UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| LAMONT L. WARREN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 6:19-078-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Lamont L. Warren is a federal prisoner who was previously confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Warren eventually filed a civil rights complaint with this Court using the approved E.D. Ky. 520 Form. [*See* R. 21]. The Court conducted an initial screening of Warren's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. While the Court dismissed most of Warren's claims, it allowed some of his Federal Tort Claims Act (FTCA) claims to proceed. Thus, the Court directed the Clerk's Office and the United States Marshals Service to serve the United States with a summons and copy of the complaint on Warren's behalf. [R. 27].

The United States has now filed a short motion to dismiss Warren's complaint. [R. 37]. At bottom, the United States argues that this Court lacks subject matter jurisdiction over Warren's FTCA claims because he did not wait for the claims to have been finally denied by the Bureau of Prisons before filing suit in federal district court, as required by 28 U.S.C. § 2675(a). [*See* R. 37-1]. Warren has responded to the United States' motion [*see* Rs. 39, 40, 41], and the United States has filed a reply brief [*see* R. 47]. Thus, this matter is ripe for a decision by this Court. For the reasons

set forth below, the Court will deny the United States' motion to dismiss, and, instead, it will refer this matter to a United States Magistrate Judge for further proceedings.

Warren first pursued his administrative tort claims by filing a Standard Form 95 (SF-95) with the Bureau of Prisons on July 31, 2018. [*See* R. 37-2 at 11-15]. Warren then amended his SF-95 twice, on August 20, 2018, and August 28, 2018. [*See id.* at 16-20]. A few months later, on November 15, 2018, Warren filed this lawsuit in the United States District Court for the Western District of Louisiana. [*See* R. 1]. That court, however, promptly entered a deficiency order and directed Warren to file a new complaint using a Court-approved form. Warren completed that form, and, on December 10, 2018, he filed it with the court. [*See* R. 6]. The Bureau of Prisons, however, did not deny Warren's tort claims until January 24, 2019, more than two months later. [*See* R. 37-2 at 21-22].

Since Warren filed his lawsuit in federal court before the Bureau of Prisons finally denied his tort claims, the United States argues that this Court lacks subject matter jurisdiction over those claims. After all, before a claimant may bring an action against the United States under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The United States also cites *McNeil v. United States*, 508 U.S. 106 (1993), to support its position. In *McNeil*, the Supreme Court clarified that a prematurely filed FTCA claim must be dismissed even if the plaintiff ultimately exhausts his administrative remedies before "substantial progress" has occurred in the case. 508 U.S. at 110-13. There, the plaintiff filed a FTCA claim against the United States in federal court before exhausting his administrative remedies. After exhausting, the plaintiff notified the district court that his administrative claim had been denied. The district court granted the United States' motion to dismiss the plaintiff's complaint as premature due to the failure to exhaust before filing. The Supreme Court affirmed, settling a circuit split over

2

whether a premature FTCA complaint could survive dismissal if administrative exhaustion occurred before "substantial progress" had been made in the federal litigation. *See id.* at 110-13. The United States suggests that *McNeil* controls here. [*See* R. 37-1 at 4].

This case, however, is distinguishable from *McNeil*. Here, as best as the Court can tell, Warren filed a complaint over which there *was* subject matter jurisdiction and then later amended that complaint to add FTCA claims once he exhausted his administrative remedies. After all, neither Warren's original pleading [R. 1] nor his Court-approved complaint [R. 6] clearly asserted FTCA claims against the United States. To be sure, at different points in his submissions, Warren mentioned that he was pursuing tort claims administratively. [*See, e.g.,* R. 1 at 3; R. 6 at 2]. However, Warren did not clearly list the United States as a defendant in either submission. Warren also did not cite the FTCA, at least not in a manner that is readily apparent. [*See* Rs. 1, 6]. Instead, Warren listed specific federal prison officials as defendants and repeatedly suggested that he was pursuing civil rights claims pursuant to 42 U.S.C. § 1983.[1] [*See* R. 1 at 1; R. 1-2 at 1; R. 6 at 1; R. 6-1 at 1]. In fact, the record suggests that it only became clear that Warren intended to pursue FTCA claims in federal court when he filed an amended complaint on February 8, 2019 [R. 14], *after* the Bureau of Prisons finally denied his tort claims. Indeed, it was only in that new pleading that Warren wrote "Administrative Tort Claim" as the caption and explained that he was asserting "both tort and *Bivens* claim[s] against the United States and . . . the individuals." [*See* R. 14 at 1]. Thus, unlike the plaintiff in *McNeil*, it does not appear that Warren prematurely filed a complaint asserting FTCA claims; instead, as best as the Court can tell from his submissions, Warren filed a civil rights complaint and then amended that complaint to add FTCA claims once the Bureau of

---

[1] Of course, a plaintiff can only pursue § 1983 claims against state officials and, here, Warren was apparently pursuing constitutional claims against federal officials. Thus, it is more accurate to say that Warren's claims were being brought pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Prisons finally denied his claims. Since that does not run afoul of 28 U.S.C. § 2675(a), the Court will deny the United States' motion to dismiss.

This result is consistent with decisions from other federal courts. For example, in *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 856 (9th Cir. 2011), the court made it clear that nothing in 28 U.S.C. § 2675(a) or corresponding case law "would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted." Likewise, in another case involving a *pro se* litigant, a federal district court pointed out that the *pro se* plaintiff's original complaint neither named the United States as a defendant nor clearly asserted FTCA claims; instead, the *pro se* plaintiff amended her complaint to include FTCA claims against the United States after she exhausted her administrative remedies. *See Michel v. Federal Bureau of Prisons FCI*, No. 7:16-cv-863, 2017 WL 7680337, at *5-6 (N.D. Ala. 2017). Under these circumstances, the court determined that *McNeil* was inapposite, and, thus, it denied the defendant's motion to dismiss. *See id.* at *6-7, report and recommendation adopted by *Michel v. Federal Bureau of Prisons FCI*, No. 7:16-cv-863, 2018 WL 835101 (N.D. Ala. 2018). Consistent with these decisions, this Court will deny the United States' dispositive motion.

Ordinarily, at this point in a civil case, the parties would exchange initial disclosures and confer on a proposed discovery plan. However, an action brought by a *pro se* prisoner, such as this case, is exempt from these requirements. *See* Fed. R. Civ. P. 16(b), 26(a)(1)(B)(iv), 26(f)(1); LR 16.1(c). Thus, the Court will refer this matter to a United States Magistrate Judge to oversee discovery and all matters of pretrial management.

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. The United States' motion to dismiss [R. 37] is **DENIED**.

2. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

3. The Clerk of the Court shall **ASSIGN** this matter to a United States Magistrate Judge.

Dated March 2, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY