UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:19-CV-00078-KKC-EBA

LAMONT L. WARREN,                                                                                    PLAINTIFF,

V.                                **RECOMMENDED DISPOSITION**

UNITED STATES OF AMERICA,                                                                  DEFENDANT.

*** *** *** ***

This matter is before the Court on *pro se* Plaintiff Lamont Warren's amended complaint, filed April 15, 2021. [R. 106]. Warren, who was previously confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky, alleges, among other things, that defendants Warden Ray Ormond, Assistant Warden Gomez, Treatment Specialist Ms. Howard, and other John Doe defendants violated his rights by placing him in the special housing unit where he was stabbed by another inmate and subsequently denied medical treatment. *See generally* [R. 27]. After an initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A, District Judge Karen K. Caldwell dismissed all above named defendants and nearly all Warren's claims, allowing only Warren's FTCA claims against the United States alleging retaliation, failure to protect, and deliberate indifference in violation of the Eighth Amendment to move forward. [*Id*.].

On April 14, 2020, prior to the deadline to file a motion to join parties or amend pleadings, Warren filed a motion which the Court construed as a motion for leave to file an amended complaint. [R. 66]. The motion sought to add Case Manager Lay, Unit Manager Clark, Captain Thompson, and SIS Salmon as defendants, but essentially restated the same claims that Warren alleged in his original complaint. [*Id*.]. The undersigned reviewed the motion and entered a

1

recommendation that it be denied, finding that the motion failed to comport with the law and lacked any plausible, substantive, and factual allegations. [R. 80]. On August 10, 2020, Judge Caldwell entered an order adopting the undersigned's recommendation and denying Warren's motion to amend. [R. 82].

Now, after the deadline to file a motion for an amended complaint has passed and without seeking leave from the Court, Warren has filed an amended complaint. [R. 106]. Warren's new complaint makes essentially identical allegations against the same list of defendants from his first attempt at amending his complaint. The Court thus construes Warren's filing as a motion for leave to file an amended complaint. The Court recognizes that Warren is proceeding *pro se* and considers his motion under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Even so, Warren's motion for leave to amend his complaint should be denied.

First, Warren's motion for leave to amend his complaint is untimely. Under Fed. R. Civ. P. 15(a)(2), after a responsive pleading has been served, a party may amend its pleading only with the opposing party's written consent or with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Once the scheduling order's deadline to amend pleadings expires, the moving party must show good cause for its tardiness and lack of prejudice to the defendants before a court will even "consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 906-07 (6th Cir. 2003) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

In the scheduling order imposed by this Court, the deadline to file motions to join parties or amend pleadings was on May 21, 2020. [R. 54]. Warren filed his amended complaint on April 15, 2021. [R. 106]. Warren gives no reason for the delay in filing his amended complaint, nor does

he argue that the amendment will not prejudice Defendant, who has already filed a status report naming witnesses it expects to call at trial. [R. 100]. Thus, Warren fails to show good cause to warrant the consideration of his untimely motion to amend.

Nonetheless, even if Warren could show good cause for his tardiness and lack of prejudice, a court may still deny leave where the amendment would be futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In order to survive a 12(b)(6) motion to dismiss, the proposed amendment must only "allege facts which, if proved, would entitle the plaintiff to relief" *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Judge Caldwell has already determined that Warren's claims against defendants Warden Ray Ormond, Assistant Warden Gomez, Treatment Specialist Ms. Howard, and other John Doe medical personnel and correctional officer defendants could not proceed. [R. 27] Further, this Court has determined that allowing Warren's claims against additional defendants Lay, Clark, Thompson, and Solomon would be futile, as the claims would be subject to dismissal due to the vague and conclusory allegations made by Warren, as well the apparent fact that Warren had failed to exhaust administrative procedures. [R. 80 at p. 5]. These statements are true of his new complaint, which repeats the same vague and conclusory allegations against the above defendants. Further, it appears that Warren still has not exhausted his administrative remedies. *See* [R. 77-1]. To properly exhaust, Warren must complete the administrative review process in accordance with the prison's deadlines and other procedural rules. *Jones v. Bock*, 549 U.S. 199, 217–18 (2007).

Thus, Warren's amended complaint could not survive Rule 12(b)(6) motion to dismiss, and his motion for leave to file the amended complaint should be denied.

## CONCLUSION

In sum, the undersigned recommends that Warren's pleading, construed as a motion to amend his complaint [R. 106] should be DENIED as it is untimely and fails to make any plausible, substantive and factual allegations which if proved would entitle Warren to relief.

Signed April 29, 2021.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge