UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

LAMONT L. WARREN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO. 6:19-78-KKC-EBA

OPINION AND ORDER

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Lamont L. Warren's response to the Court's Show Cause Order. (DE 113.) Despite clear, explicit instructions from the Court, Plaintiff has repeatedly failed to comply with this Court's April 22, 2021 Order directing him to file a witness list. (DE 107.) Therefore, the Court finds that dismissal of Plaintiff's case is appropriate.

I.   Background

Plaintiff is a federal prisoner who was previously confined at USP McCreary and is currently incarcerated at USP Hazelton. (DE 21 at 2.) Plaintiff, proceeding without a lawyer, filed a complaint arising out of incidents occurring while he was incarcerated at USP McCreary. (*Id.* at 2, 4.) Plaintiff alleges that prison officials retaliated against him by denying his request to participate in the Bureau of Prisons' Challenge Program and placing him in the Special Housing Unit where he was attacked by his cellmate. (*Id.* at 2-4.) He also claims that the alleged injuries that he suffered from that attack were not adequately treated. (DE 21-2 at 2.)

1

After initial screening under 28 U.S.C. §§ 1915 and 1915A, the Court dismissed all of Plaintiff's claims, except for certain FTCA claims against the United States, the sole remaining defendant. (DE 27 at 3.) Thereafter, Defendant filed a motion to dismiss (DE 37), which this Court ultimately denied (DE 49). Following that denial, discovery commenced and closed, and neither party submitted any additional dispositive motions. (DE 92.) Accordingly, on March 29, 2021, the Court directed parties to file status reports identifying the witnesses and evidence that they intended to present at trial. (DE 99.)

Plaintiff filed a status report that identified witnesses, but he did not describe their expected testimony. (DE 101-20.) Of those identified witnesses, Plaintiff only provided the name for one witness: "Dr. Booker." (*Id.*) He generically described the other witnesses as "Nurse(s) John Doe, Jane." (*Id.*) Shortly after, Plaintiff subsequently filed various motions and notices, including a motion for a writ of habeas corpus ad testificandum to present certain inmates from USP Hazelton as witnesses to testify before the Court (DE 104) and a notice advising the Court that he may present two additional witnesses that he did not identify in his initial status report (DE 105). On April 22, 2021, the Court denied Plaintiff's motions but advised Plaintiff that he could present witnesses via video or affidavit. (DE 107 at 2.) In its April 22, 2021 Order, the Court directed Plaintiff to file a list of intended witnesses with each witness's name, address, phone number, and expected testimony within fourteen days. (*Id.*) Plaintiff did not file the list by the deadline.

While his other motions were pending, Plaintiff filed a "tendered amended complaint." (DE 106.) On April 29, 2021, the Magistrate Judge entered a Recommended Disposition, construing Plaintiff's pleading as a motion to amend his complaint and recommending that the Court deny the motion. (DE 109.) On June 24, 2021, this Court adopted the Recommended Disposition and denied Plaintiff's motion. (DE 111.) At that time, Plaintiff still had not filed a list of intended witnesses in compliance with the Court's April 22, 2021

Order. On July 21, 2021, the Court ordered Plaintiff to show cause "as to why his case should not be dismissed because of his repeated failure to follow court directives," specifically his failure to file the witness list. (DE 112 at 2.)

Plaintiff filed a timely response to the Show Cause Order. (DE 113.) In his response, Plaintiff states that he "did all there is in this case," he is "not a lawyer," and he does "not have the knowledge to get witnesses." (*Id.* at 1.) He maintains that he has sent the names of his witnesses to the Court. (*Id.*) Finally, Plaintiff argues that if the Court dismissed his case, this would "go against the facts of officials violating the oath to protect [him] from injuries and deny [his] rights to be protected." (*Id.*) To date, Plaintiff has not filed any list that conforms with the requirements of the Court's April 22, 2021 Order.

## II. Analysis

A district court may dismiss an action *sua sponte* for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Cornett v. Dobson*, 338 F.R.D. 97, 99 (E.D. Ky. 2021); *Hurst v. Hickey*, Civil Action No. 11-68-KKC, 2012 WL 2905520, at *1 (E.D. Ky. July 16, 2012). To determine whether dismissal is appropriate, courts consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Cornett*, 338 F.R.D. at 97. In making this determination, "district courts have substantial discretion in discerning whether dismissal is appropriate." *Lay v. Altrichter*, No. 6:20-CV-18-REW-HAI, 2020 WL 2843345, at *4 (E.D. Ky. June 1, 2020) (citation and quotation marks omitted).

3

The first factor favors dismissal because Plaintiff's failure to comply with the Court's orders is due to his own fault. The Court repeatedly gave Plaintiff clear, explicit instructions for complying with its orders. The Court first requested a witness list from Plaintiff in its March 29, 2021 Order. (DE 99.) After Plaintiff failed to provide a witness list with sufficient information to allow this Court to move forward with trial, the Court directed Plaintiff to file "a list of his intended witnesses that includes each witness's name, address, and phone number, and a summary of each witness's testimony" within fourteen days. (DE 107 at 2.) Despite this specific directive, Plaintiff failed to file the list by the deadline. After the Court denied his motion to amend his complaint, Plaintiff still did not file the requested witness list. The Court gave Plaintiff yet another chance; it ordered Plaintiff to show cause for his repeated failures to follow its directives or else face dismissal. (DE 112.) While Plaintiff filed a timely response, he still failed to file a witness list that complied with the Court's April 22, 2021 Order. (DE 113.) Plaintiff's persistent failures to comply with the Court's orders suggest that he does not intend to comply at all.

Moreover, Plaintiff has not demonstrated good cause for his failure to file a witness list that conforms with the Court's requirements. In his response, Plaintiff states that he "did all there is in this case," and he is "not a lawyer." (DE 113 at 1.) While the Court recognizes the challenges that arise for incarcerated *pro se* litigants, "a court may properly dismiss a *pro se* complaint where the plaintiff fails to comply with a 'readily comprehended' court order." *Gardner v. United States*, 178 F.3d 1294 (Table), 1999 WL 232693, at *2 (6th Cir. 1999) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991)). The Court's directive to Plaintiff requesting the contact information and expected testimony of his witnesses was a readily comprehended order; it demanded little of Plaintiff and did not require any type of sophisticated legal knowledge. To the extent that Plaintiff argues that he does "not have the knowledge to get witnesses," his argument is misplaced. (DE 113 at 1.) Plaintiff—and

4

Plaintiff alone—has personal knowledge of the witnesses that can provide evidence to support the claims that he chose to bring before this Court. Although Plaintiff maintains that he has sent the names of witnesses to the Court (DE 113 at 1), these names did not contain the details needed to progress Plaintiff's action or to comply with the Court's April 22, 2021 Order. As to Plaintiff's assertion that dismissal of his case would "go against the facts of officials violating the oath to protect [him] from injuries and deny [his] rights to be protected," any such prejudice is a result of his own inaction. (DE 113 at 1.)

The second factor is neutral. While Defendant initially expended time and resources to defend this action, Defendant has not taken any considerable action since discovery closed. Surprisingly, Defendant has not filed any substantial motions since it filed a motion to dismiss in November 2019. (DE 37.) Besides the potential prejudice that stems from the prolongment of this litigation, the Court cannot find that Plaintiff's failure to file a witness list as required by court orders has significantly prejudiced Defendant at this stage.

The third factor also favors dismissal, as the Court plainly ordered Plaintiff to show cause as to why his case should not be dismissed for his repeated failures to follow court directives. (DE 112 at 2.) After receiving this warning, Plaintiff still did not file a witness list and did not demonstrate good cause for his failure to do so. "Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed." *Pickle v. United States*, Civil Action No. 6:17-225-KKC, 2018 WL 3795244, at \*2 (E.D. Ky. Aug. 9, 2018); *see also Gardner*, 1999 WL 232693, at \*2 ("[A] court may properly dismiss a *pro se* litigant's case for failure to comply with the court's order where the court puts the *pro se* party on notice that failure to comply will result in dismissal."). Based on this factor alone, dismissal is proper.

Regarding the fourth factor, the Court has not imposed less drastic sanctions on Plaintiff. However, "[Plaintiff's] incarceration makes the imposition of lesser sanctions, such

5

as monetary or other penalties, difficult or impracticable." *Cates v. Madison Co. Det. Ctr.*, Civil Action No. 5:17-504-DCR, 2018 WL 561852, at *2 (E.D. Ky. Jan. 25, 2018). Therefore, this factor favors dismissal.

Using its substantial discretion, the Court finds that, on balance, the *sua sponte* dismissal of Plaintiff's action under Rule 41(b) for failure to comply with a court order is appropriate.

### III. Conclusion

The Court hereby ORDERS as follows:

1. The Court's Show Cause Order (DE 112) is DISCHARGED; and
2. This action is DISMISSED without prejudice and STRICKEN from the Court's active docket.

Dated August 25, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY